JOHN J. BANNON *vs.* VICTORY THEATRE COMPANY.

VICTORY THEATRE COMPANY *vs.* JOHN J. BANNON.

Hampden.    September 20, 1928. — September 25, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil,* New Trial. *Jury and Jurors.*

It is not an abuse of judicial discretion requiring the sustaining of an exception by a defendant in a civil action where there had been a verdict for the plaintiff, for the trial judge to deny a motion for a new trial based on an allegation that the attorney for the plaintiff during the trial mingled with and conversed with some of the jurors sitting on the panel, although it may appear that the conversation was begun by the attorney, if the judge finds that the counsel for the plaintiff "did speak to a juror or group of jurors not exceeding three in number" during a recess of the court while the case was on trial, but "said nothing to said juror or group of jurors about the cases." Following *Claffey* v. *Fenelon,* 263 Mass. 427.

CONTRACT. Writ dated July 28, 1921.

TORT. Writ dated September 26, 1921.

In the Superior Court, the actions were tried together before *Burns,* J. There were verdicts for the plaintiffs, respectively, in the sums of $2,725.50 and $1.

*A. K. Cohen & J. F. Jennings,* for Victory Theatre Company, submitted a brief.

*J. E. Kerigan,* for Bannon.

RUGG, C.J. These cases come before us on exceptions taken at the hearing of motions for a new trial on the ground

of newly discovered evidence. The specification alleged was that the attorney for Bannon during the trial mingled with and conversed with some of the jurors sitting on the panel. The judge found as facts "that during a recess of the court while said cases were on trial, counsel for John J. Bannon did speak to a juror or group of jurors not exceeding three in number" and "that said counsel for John J. Bannon said nothing to said juror or group of jurors about the cases."

Although the finding does not fully disclose the person who began the conversation, it is susceptible of the construction that it was begun by the attorney.

The decision in *Claffey* v. *Fenelon*, 263 Mass. 427, 434, is precisely applicable to the facts here disclosed, where it was held that such conversation upon an indifferent subject and wholly unrelated to the case on trial did not necessarily result in a mistrial. What there was said need not be repeated. It is decisive of the case at bar.

It follows that there was no error of law in the refusal of the trial judge to rule that the verdicts must be set aside. The disposition of the motions rested in the main in sound judicial discretion. There is nothing to indicate abuse of discretion. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 495–497.

*Exceptions overruled.*